# CHESHIRE,

## JULY TERM, A. D. 1846.

---

## NURSE v. PORTER.

There is an essential distinction between a bond and a recognizance.

Under the provisions of section 19, chapter 113, Revised Statutes, it is the duty of the party appealing to provide a bond with sureties, and it is not the duty of the magistrate to draw up the bond, or aid therein.

TRESPASS, for an assault and false imprisonment.

Plea, the general issue, with a brief statement that whatever the defendant did, was done in his official capacity as a justice of the peace.

Upon the trial the plaintiff proved that on the 20th day of May, 1845, the plaintiff was arrested on a complaint against him for disorderly conduct, under the provisions of chapter 113 of the Revised Statutes, carried before the defendant, a justice of the peace, and, after an examination, sentenced to pay a fine and the costs of the prosecution, from which judgment he claimed an appeal. He also offered evidence, that he produced before the defendant, one Dudley, as his surety. Some discussion then arose between Dudley and the defendant, whether the plaintiff should enter into a recognizance with surety, or whether he should give a bond with surety; Dudley insisting that a recognizance should be entered into, and the defendant deciding that a bond should be given. A farther question then arose, whether it was the duty of the plaintiff to produce the bond, properly drawn up, and offer it to the magistrate, or whether it was the duty of

the magistrate to draw up the bond, or to aid or assist therein. The plaintiff then offered evidence that Dudley told the defendant he was ready to sign any paper, if the defendant would make it out, but that he either could not make out a bond, or would not; it was not his business. The defendant said it was the duty of the plaintiff to produce a proper bond, and that whenever a proper bond should be produced and offered to him, he would receive it. No bond was produced, and, after the expiration of two hours, the defendant made out a *mittimus*, on which the plaintiff was committed, and he thereupon paid the fine and the costs, and was discharged. It was for such imprisonment that this action was brought.

The court ruled that under section 19, chapter 113 of the Revised Statutes, it was the duty of the plaintiff to give the proper bond, with sufficient sureties, and that he should have drawn up, or have caused to be drawn up, and executed such a bond as the statute required, and that it was not the duty of the magistrate to draw up the bond, or to aid therein, and that upon this evidence the action could not be maintained.

It was thereupon agreed that if, in the opinion of the superior court, this ruling were correct, the plaintiff should become nonsuit; otherwise the action should stand for trial.

*Handerson*, for the plaintiff.

*Foster & Webster*, for the defendant.

PARKER, C. J. The ruling of the court below was correct. The 19th section of chapter 113 of the Revised Statutes, "of offences against the police of towns," enacts that "any person convicted of any offence mentioned in this chapter may appeal to the court of common pleas for the county, within two hours after, upon giving bond with

sufficient sureties to the town to prosecute said appeal with effect, and to pay costs, if he shall not be discharged at said court."

We cannot hold that this section provides for a recognizance. By the provisions of chapter 211, section 17 of the Revised Statutes, all recognizances are to be taken in the name of the State. The statute now under consideration expressly provides for a bond to the town. The offence being one against the police of towns, and the fines imposed being made payable to the towns, the statute very naturally requires a security to the town, and a bond is the usual security where a recognizance is not taken. The two securities are essentially different.

Nor can we hold that the magistrate is required to prepare the bond, or to aid in it farther than to give such information respecting the case as may be required in drafting it. There is no provision of the statute requiring him to perform such a duty, nor is there any fee prescribed for it in the fee bill, which allows a fee for a recognizance.

*Plaintiff nonsuit.*